**FILED**
**Sep 06, 2019**
**10:52 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| **Mark A. Rollins,** | ) | **Docket No.: 2017-01-0638** |
| **Employee,** | ) | |
| | ) | |
| **v.** | ) | |
| **Scenic City Concrete Pumping, LLC,** | ) | **State File No.: 4460-2017** |
| **Employer,** | ) | |
| **And** | ) | |
| **FFVA Mutual Insurance Company,** | ) | **Judge Audrey A. Headrick** |
| **Insurance Company.** | ) | |

---

## EXPEDITED HEARING ORDER
### *(DECISION ON THE RECORD)*

---

This case came before the Court on Mark Rollins's Request for an Expedited Hearing on the record.[1] The only issue is whether Mr. Rollins is likely to establish at trial that he is entitled to see Dr. Jerry Smith for an impairment rating based upon Dr. Matthew Buchanan's direct referral. For the reasons below, the Court holds he is not.

### History of Claim

While working on January 16, 2017, Mr. Rollins fractured his right ankle when a ratchet strap broke, causing him to fall. Mr. Rollins received authorized treatment, including surgery, from orthopedist Dr. Benji Miller. Dr. Miller placed Mr. Rollins at maximum medical improvement on April 26 and assigned a four-percent impairment rating to the body.

Due to Mr. Rollins's continued complaints of muscle pain and tingling, Dr. Miller referred him to see Dr. Buchanan, a foot and ankle specialist in his orthopedic group, "to

---

[1] The Court issued a docketing notice allowing the parties until September 4 to file objections or submit position statements.

evaluate him for a second opinion." After treating Mr. Rollins conservatively, Dr. Buchanan made a June 7, 2018 "impairment rating referral" to Dr. Smith, a physical medicine and rehabilitation specialist, because Mr. Rollins "received a rating from Dr. Miller but is questioning the amount determined." Scenic City did not authorize the referral.

Dr. Buchanan made several additional referrals in 2019. In April, he made an "orthopedic referral." Scenic City provided Mr. Rollins with an orthopedic panel the next day, but he did not make a selection. In May, Dr. Buchanan made another "impairment rating referral" to Dr. Smith. Ten days later, he made an "orthopedic referral" to Dr. Smith, who he acknowledged is not an orthopedist, "for additional treatment considerations" because Mr. Rollins "is still having issues with his foot." Two days later, Scenic City provided Mr. Rollins with a panel that did not include Dr. Smith, but again he did not make a selection.

Mr. Rollins asked the Court to designate Dr. Smith as an authorized physician based on Dr. Buchanan's direct referral since Dr. Miller did not consider nerve damage in his impairment rating. Scenic City argued the law only requires it to authorize referrals for treatment and not impairment ratings.

## Findings of Fact and Conclusions of Law

### Standard Applied

To prevail at an expedited hearing, Mr. Rollins must provide sufficient evidence to show the likelihood of prevailing at a hearing on the merits in establishing entitlement to a direct referral for an impairment rating. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018). The Court holds he did not.

### Medical Benefits

The sole issue is Mr. Rollins's request to see Dr. Smith for an impairment rating based upon Dr. Buchanan's direct referral. Under the Workers' Compensation Law, the employer is required to "furnish, free of charge to the employee, such medical and surgical *treatment* . . . made reasonably necessary by accident[.]" (Emphasis added.) Tenn. Code Ann. § 50-6-204(a)(1)(A). Upon referral and acceptance, specialist physicians shall become treating physicians until their treatment concludes. Tenn. Code Ann. § 50-6-204(a)(3)(A) and (E). Further, "[a]ny *treatment* recommended" by a panel selected physician or by referral "shall be presumed to be medically necessary for *treatment* of the injured employee." (Emphasis added.) *Id.* at § 50-6-204(a)(3)(H).

Here, the evidence submitted is sufficient to show that Dr. Buchanan specifically referred Mr. Rollins to Dr. Smith for an impairment rating because Mr. Rollins disagreed

2

with Dr. Miller's rating. The law does not require Scenic City to authorize Mr. Rollins to see Dr. Smith for an impairment rating. Instead, the law only requires Scenic City to provide Mr. Rollins with *treatment* for the work injury. Given Dr. Buchanan's repeated referrals for an impairment rating, the Court is unpersuaded by his last purported referral to Dr. Smith for treatment purposes. Regardless, Scenic City provided a panel in response.

Based on the evidence submitted, Mr. Rollins is not entitled to see Dr. Smith for an impairment rating.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Mr. Rollins's request.

2. This case is set for a Status Hearing on Thursday, November 7, 2019, at 10:00 a.m. Eastern Time. The parties must call (423) 634-0164 or toll-free at (855) 383-0001 to participate. Failure to call may result in a determination of the issues without your participation.

**ENTERED September 6, 2019.**

**AUDREY A. HEADRICK**
**Workers' Compensation Judge**

3

# APPENDIX

<u>Exhibits</u>:
1. First Report
2. Medical records of Dr. Matthew Buchanan
3. Medical records of Dr. Benjamin Miller
4. Medical records of Dr. Larry Gibson
5. Dr. Buchanan's May 10, 2019 referral order
6. Affidavit of Ronald J. Berke
7. Table of Contents
    a. Dr. Buchanan's June 7, 2018 treatment note and referral order
    b. Dr. Buchanan's April 9, 2019 referral order
    c. April 10, 2019 letter enclosing panel
    d. Dr. Buchanan's May 20, 2019 referral order
    e. May 22, 2019 letter enclosing panel

<u>Technical record</u>:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Notice of Expedited Hearing
5. Employer's Motion to Dismiss
6. Motion for Additional Time
7. Employer's Response to Employee's Motion for Additional Time
8. Order Denying Motion for Additional Time
9. Employer's Pre-Hearing Brief and Request for a Decision on the Record
10. Employer's Notice of Filing of Medical Records for Expedited Hearing
11. Employer's Witness and Exhibit List for Expedited Hearing
12. Order Cancelling August 28 Expedited Hearing and Granting Request for a Decision on the Record
13. Employee's Pre-Hearing Brief
14. Docketing Notice
15. Employer's Brief for Decision on the Record and Reply to Employee's Pre-Hearing Brief
16. Employee's Response to Employer's Brief for Decision on the Record and Reply to Employee's Pre-Hearing Brief

4

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on September 6, 2019.

| Name | Certified Mail | Email | Service sent to: |
|------|----------------|-------|------------------|
| Ronald J. Berke, Employee Attorney | | X | ronnie@berkeattys.com margo@berkeattys.com |
| Alex B. Morrison, Employer Attorney | | X | abmorrison@mijs.com |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

5



<u>Expedited Hearing Order Right to Appeal</u>:

  If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____ At Hearing: ☐Employer ☐Employee


Appellee's Address: _____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellee ***


## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the_____day of_____, 20 ___


[Signature of appellant or attorney for appellant]     _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____ 2. Address: _____

3. Telephone Number: _____ 4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries        $ _____ per month    Telephone      $ _____ per month

Electricity      $ _____ per month    School Supplies $ _____ per month

Water            $ _____ per month    Clothing       $ _____ per month

Gas              $ _____ per month    Child Care     $ _____ per month

Transportation   $ _____ per month    Child Support  $ _____ per month

Car              $ _____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____      (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____      (FMV) _____

Other                   $ _____      Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____

LB-1108 (REV 11/15)                                    RDA 11082